## James M. McArthur *v.* M. B. Jones, Adm'r.

**Set-off and Counterclaim—Defense.**

A defense founded upon an alleged payment is not in the nature of a set-off or counterclaim, and after judgment, previous payment cannot be made the foundation of an original action.

APPEAL FROM CAMPBELL CIRCUIT COURT.

March 4, 1873.

OPINION BY JUDGE LINDSAY:

Waiving the consideration of the point raised by appellee, that the Superior Court of Cincinnati is the tribunal at whose hands appel-

lant should seek relief, we are of opinion that his pleadings, exhibits and evidence, all of which we are asked to consider, showed that he is entitled to more in any forum.

The charge that the judgment rendered in 1860 in the Superior Court was obtained by fraud is made to rest upon the fact that Jones, knowing that Johnson had paid off the debt, fraudulently concealed that fact from the court.

It does not appear, nor is it alleged, that he was called upon to state any thing concerning the alleged payment. Nor that he did or said anything calculated to mislead or deceive appellant whilst the suit was in progress.

It is claimed that Johnson paid the debt in 1858. Jones sued in 1860. He made Johnson a party, who came into court after service of process and made defense. An opportunity was offered him to plead the judgment, if he had really paid it.

It can not be said that Jones was fraudulently concealing the fact of payment when he called upon Johnson, the person who is claimed to have made it to come forward and defend an action based upon the identical debts claimed to have been paid by him.

It is not alleged nor is it attempted to be proved that there was collusion between Jones and Johnson. Nor is it even claimed that McArthur inquired of Johnson, when sued by Jones, whether any portion of the claim asserted by Jones had been paid, and when it is considered that Johnson undertook and agreed with appellant that he would pay them and thereby hold him harmless, and that Johnson was in court making defense, it must be regarded as passing strange that he did not learn something about the payment made, if at all more than a year before the institution of the suit.

The petition of *Jones v. Smith & Gilbert* does not show that they were his agents, but upon the contrary that they were the agents of Johnson, and his ground of complaint against them is that they failed to obey Johnson's instructions to them to collect rents and pay off Johnson's and McArthur's debt to him.

Whether his petition disclosed a cause of action in his favor or against Johnson's agents, is an immaterial question. His petition is made an exhibit to show that they were his agents, and that moneys received by them ought to be treated as payments by Johnson to him. It shows exactly an opposite state of facts, and tends to prove that up to 1867 Jones had received nothing from either Johnson or Mc-

Arthur, except the small amount realized from the sale made by the commissioner of the superior court.

A defense founded upon an alleged payment is not in the nature of a set-off or counterclaim, and after judgment previous payment can not be made the foundation of an 'original action.

Considering everything presented by the record, we are satisfied that the judgment of the Superior Court ought not to be vacated or modified, even if the courts of Kentucky have the power to do so, and as it is the foundation of the judgment in Kentucky, the latter ought not to be disturbed. The judgment of the circuit court is *affirmed.*

*Stevenson & Myers, for appellant.*

*Hallam, for appellee.*